UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN GERGELY,

    Plaintiff,

v.

WARREN CORRECTIONAL INSTITUTION, et al.,

    Defendants.

Case No. 1:09-cv-924

Spiegel, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initially filed this complaint against the Warren Correctional Institution in Lebanon, Ohio ("WCI"), WCI Warden Jackson, WCI Lt. O'Neal, and WCI Correctional Officer ("C/O") Lane pursuant to 42 U.S.C. § 1983. (Doc. 1, Complaint, at 1). Defendants WCI and Warden Jackson were dismissed and Plaintiff now proceeds against Defendants Lt. O'Neal and C/O Lane. (Doc. 2, Order to Dismiss, at 5). Pursuant to local practice, Defendants' Motion for Summary Judgment (Doc. 18) and Plaintiff's opposition thereto (Doc. 20) have been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).[1] In addition to Defendant's motion, Plaintiff recently filed a counter-motion for summary judgment. (Doc. 22).

---

[1] Defendants filed a motion for summary judgment under Fed. R. Civ. P. 56 but they seek judgment as a matter of law for failure to state a claim upon which relief can be granted. Typically, a complaint is dismissed for failure to state a claim upon which relief can be granted following a motion to dismiss under Fed. R. Civ. P. 12(b)(6). However, the Court will address the argument as if filed under Fed. R. Civ. P. 56.

## I. Factual Background

Plaintiff alleges that while an inmate at WCI, his cell toilet malfunctioned and continually flushed beginning August 20, 2009. (Doc. 1 at 2). WCI maintenance responded 16 hours later and shut off the toilet's water supply. (*Id.*). Plaintiff was informed that the problem would be fixed when a needed part was obtained. (*Id.*). In the meantime, Plaintiff was given a mop bucket to fill the toilet with water, but C/O Lane later removed the bucket from Plaintiff's cell. (*Id.*). When Plaintiff asked for the bucket back he was informed that he was not allowed to keep the bucket in his cell under Lt. O'Neal's orders. (*Id.*). Plaintiff was without a properly functioning toilet for five days and he was left to relieve himself in the shower and in the non-functioning toilet. (*Id.*).

Plaintiff alleges that he uses the bathroom often due to irritable bowel syndrome ("IBS"). (Doc. 1 at 2). He claims the smell of the waste made him sick and still lingers with him. (*Id.* at 3). Further, he alleges he was kept in the cell due to Lt. O'Neal's decision. (*Id.* at 2). As relief, Plaintiff seeks $750,000 or the state maximum for mental anguish, stress, humiliation, cruel and unusual punishment, and cruel and inhumane living conditions. (*Id.* at 3). Defendants Lt. O'Neal and C/O Lane have now filed this Motion for Summary Judgment. (Doc. 18).

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

In ruling on a motion for summary judgment, "[a] district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990); see also *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.,* 9 F.3d 561 (7th Cir. 1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir.), *cert. denied*, 506 U.S. 832, 121 L. Ed. 2d 59, 113 S. Ct. 98 (1992)("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ..."). Thus, a court is entitled to rely–in determining whether a genuine issue of material fact exists on a particular issue–only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Beatty v. UPS,* 267 F. Supp. 2d 823, 829 (S.D. Ohio 2003), *aff'd,* 2004 U.S. App. LEXIS 13864 (6th Cir. 2004).

Defendants seek summary judgment on the grounds that Plaintiff failed to exhaust administrative processes and that Plaintiff failed to state a claim upon which relief can be granted. These contentions will be handled in turn.

### III. Analysis

#### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") addresses prisoner complaints filed in federal court. In relevant part, the PLRA stipulates under 42 U.S.C. 1997(e)(a) that:

> [n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

There is "no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Likewise, a prisoner's failure to exhaust administrative remedies is an affirmative defense. *Id.* at 216; see *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (mandatory exhaustion under the PLRA applies even when the administrative process cannot grant the relief sought); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (under the PLRA, "an inmate seeking only money damages" must comply with the prison administrative process that could yield "some sort of relief on the complaint stated, but no money").

Further, the PLRA demands "proper exhaustion." *Woodford*, 548 U.S. at 93. Proper exhaustion requires that an inmate comply with "an agency's deadlines and

4

other critical procedural rules" otherwise the adjudicative system cannot run orderly and effectively. *Id.* at 90-91.

Defendants argue summary judgment is proper because Plaintiff failed to properly exhaust his administrative remedies before filing this claim in compliance with § 1997(e)(a). An untimely filing would be improper exhaustion because of the failure to comply with an administrative deadline. *See Woodford*, 548 U.S. at 90-91. However, the only evidence that Defendants offer is the allegation that Plaintiff's complaint admits that he filed his initial grievance too late. (Doc. 18 at 3 *citing* Doc. 1 at 3). Plaintiff retorts that upon the second filing of his claim all of the procedural options were followed despite Defendants' claim to the contrary. (Doc. 20 at 2).

Defendants, as the moving party, have the burden of showing an absence of evidence to support Plaintiff's case. *Celotex Corp.*, 477 U.S. at 325. The alleged admission in Plaintiff's complaint is the statement that following his initial complaint he was "told that there is nothing to be done and that [he] filed to (sic) late." (Doc. 1 at 3). Plaintiff's complaint also claimed "the only excuse" he was given was "there (sic) not responsible for it because [he] filed late." (*Id.*). This Court must construe all inferences in favor of Plaintiff as the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. This Court need not infer that Plaintiff's statements are an admission that he filed late and failed to comply with an administrative deadline; rather these statements could be construed as Plaintiff relating the reason given to him as to why his grievance was

denied.[2] Defendants have failed to meet their burden since they merely cited to a portion of Plaintiff's complaint which is open to interpretation.

Summary judgment for failure to exhaust administrative remedies is improper at this time. The timeliness of Plaintiff's complaint is a genuine issue of material fact for purposes of proper exhaustion under § 1997(e)(a) of the PLRA. Accordingly, whether Defendants are entitled to summary judgment rests upon the analysis of Plaintiff's Eighth Amendment claim.

### B. Eighth Amendment Claim

A claim for relief under the Eighth Amendment must allege facts showing the confinement conditions comprise a "serious deprivation of basic human needs" such as food, medical care and sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). A court's inquiry into whether confinement conditions constitute cruel and unusual punishment must "spring from constitutional requirements and . . . judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility." *Id.* at 352 *quoting Bell v. Wolfish*, 441 U.S. 520, 539 (1989).

Review of the confinement depends upon the duration and the conditions. *Hutto v. Finney*, 437 U.S. 678, 685 (1978). For example, "[a] filthy, overcrowded cell and a diet of 'grue' might be . . . intolerably cruel for weeks or months" but tolerable for several days. *Id.* at 686-687. The Sixth Circuit has recognized that the Eighth Amendment is not violated when prisoners are required to use non-flushable toilets on occasion. *Knop v. Johnson*, 977 F,2d 996, 1013 (6th Cir. 1992); *Abdur-Reheem-X v. McGinnis*, 1999

---

[2] Plaintiff has attached a copy of a grievance as an exhibit to his own motion for summary judgment. (Doc. 22 at 9). The exhibit tendered by Plaintiff does not reflect denial of the grievance as untimely.

U.S. App. LEXIS 29997, *6 (6th Cir. 1999) ("the Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets").

Toilets can be unavailable to inmates for a period of time without violating the Eighth Amendment. *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000) (reviewing allegations of various deprivations to inmates including the deprivation of toilets over a period of four days), *cert. denied*, 532 U.S. 1065 (2001); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (it was not unconstitutional to deprive a prisoner of toilet paper and hold him in a "filthy, roach-infested cell" for five days); *Neal v. Clark*, 938 F.Supp. 484, 496-497 (N.D. Ill. 1996) (a toilet that functioned poorly for 20 days was an inconvenience, not a deprivation of basic human needs). Even exposures to the smell of human waste for nine days from a non-flushing toilet and for thirteen days due to leaking waste water were temporary in nature and did not result in actual physical injury. *Harris v. Moore*, 1:04-cv-796, Doc. 7 at 2-3 (S.D. Ohio, J. Weber, Jan. 4, 2005), *aff'd.*, No. 05-3148 (6th Cir. Aug. 1, 2005) (dismissing inmate's complaint for failure to state a claim upon which relief could be granted) (unpublished).

A review of the record shows that the parties do not dispute the material facts of Plaintiff's Eighth Amendment claim. The only fact that may be called into question is an allegation that Plaintiff still smells the waste. (Doc. 1 at 3). However, there is no medical documentation in support of this claim and exposure to the smell of human waste has been held to not rise to an unconstitutional level. *See Harris*, 1:04-cv-796.

The Court finds that controlling and persuasive case law supports Defendants' motion. It was not a violation of the Eighth Amendment to require Plaintiff to use a non-flushable toilet on this occasion. *See Knop*, 977 F.2d at 1013. Plaintiff's situation was

7

temporary as the toilet malfunctioned for only five days–a period less than the nine and thirteen day periods upheld in *Harris. Id.* at 2-3. Further, Plaintiff had access to his non-functioning toilet unlike other prisoners who were not unconstitutionally deprived the use of toilets for a four-day period. *See Johnson*, 217 F.3d at 733. Plaintiff's situation, although neither pleasant nor ideal, was only temporary and did not constitute a serious deprivation of basic human need rising to an unconstitutional level. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's Eighth Amendment Claim.

### C. Conclusion and Recommendations

For the reasons explained herein, **IT IS RECOMMENDED** that the Defendants' Motion for Summary Judgment (Doc. 18) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE** from the active docket of this Court. **IT IS FURTHER RECOMMENDED** that Plaintiff's motion for summary judgment (Doc. 22) be **DENIED**.

s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN GERGELY,

    Plaintiff,

v.

WARREN CORRECTIONAL INSTITUTION, et al.,

    Defendants.

Case No. 1:09-cv-924

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).